**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SCOTT JOHNSON, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>PCL MANAGEMENT LLC and PLATINUM CORRAL LLC,<br><br>              Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Scott Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Landskroner Grieco Merriman LLC, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked for Defendants PCL Management LLC and Platinum Corral LLC ("PCL" or "Defendants") in the United States as exempt-classified Kitchen Associate Managers and Hospitality/Service Managers, however variously titled (collectively, "Associate Managers" or "AMs").

2. Plaintiff brings this action to recover unpaid overtime compensation for himself and similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3. Defendants operate approximately 26 franchise locations of the Golden Corral Buffet-Grill restaurant chain.

4. Defendants required Plaintiff and other AMs to work more than 40 hours per workweek and did not pay them overtime compensation for hours worked beyond 40 in any workweek.

5. Defendants misclassified Plaintiff and other AMs as exempt from the overtime requirements of the FLSA.

6. Plaintiff and other AMs performed substantially the same primary duties in all PCL restaurants.

7. Plaintiff and AMs spent the majority of their time performing the same duties that non-exempt restaurant employees performed, including cooking and preparing food; refilling food on the buffet line; serving customers; unpacking and stocking products and supplies; taking out the trash; washing dishware and glassware; and cleaning the restaurant. Performing these tasks was the primary duty of the AM position.

8. PCL applied the same compensation and employment policies, practices, and procedures to their AMs nationwide.

## THE PARTIES

**Plaintiff**

9. Plaintiff is an adult individual who is a resident of Hamden, Ohio.

10. Plaintiff was employed by Defendants as an AM in Ohio from approximately July 2012 to January 2015, at restaurants located in Chillicothe, Lancaster, and Zanesville, Ohio.

11. While employed by Defendants as an AM, Plaintiff regularly worked more than 40 hours per week and often worked between 55 and 70 hours per week.

12. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff overtime premium pay when he worked as an AM in excess of 40 hours in a workweek.

13. Plaintiff is a covered employee within the meaning of the FLSA.

14. A written consent to join form for Plaintiff is attached hereto as **Exhibit A**.

**Defendants**

15. Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AMs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former AMs.

16. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

17. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former AMs including, without limitation, those terms and conditions relating to the claims alleged herein.

18. Defendants jointly employed Plaintiff and other similarly situated current and former AMs.

*Defendant PCL Management LLC*

19. PCL Management LLC is a North Carolina limited liability company.

20. PCL Management LLC is a covered employer within the meaning of the FLSA.

21. At all times relevant, PCL Management LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

22. PCL Management LLC applies the same employment policies, practices, and procedures to AMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

23. At all times relevant, PCL Management LLC's annual gross volume of sales made or business done was not less than $500,000.

*Defendant Platinum Corral LLC*

24. Platinum Corral LLC is a North Carolina limited liability company.

25. Platinum Corral LLC is a covered employer within the meaning of the FLSA.

26. At all times relevant, Platinum Corral LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

27. Platinum Corral LLC applies the same employment policies, practices, and procedures to all AMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

28. At all times relevant, Platinum Corral LLC's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

29. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

30. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

31. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants operate there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

33. Defendants are subject to personal jurisdiction in Ohio.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who worked as AMs at Defendants' restaurants nationwide, during the applicable statute of limitations period, who elect to opt-in to this action (the "FLSA Collective").

35. Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and similarly situated AMs.

36. Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid overtime premium compensation when they worked beyond 40 hours in a workweek.

37. All the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

38. Plaintiff and the members of the FLSA Collective perform or performed substantially the same primary duties.

39. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

  (a) willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

  (b) willfully misclassifying Plaintiff and the members of the FLSA collective as exempt from the protections of the FLSA; and

  (c) willfully failing to record all of the time that their employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of Defendants.

40. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent.

42. There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

43. Similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

44. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **COMMON FACTUAL ALLEGATIONS**

45. Throughout their employment with Defendants, Plaintiff and the members of the FLSA Collective regularly worked more than 40 hours per week.

46. Plaintiff and the members of the FLSA Collective performed similar primary job duties at Defendants' restaurants.

47. Defendants were aware that Plaintiff and the members of the FLSA Collective worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for hours worked over 40 in a workweek.

48. Defendants did not keep accurate records of hours worked by Plaintiff or the members of the FLSA Collective.

49. Defendant did not require Plaintiff or the members of the FLSA Collective to clock in or out, or otherwise record their time.

50. Plaintiff and the members of the FLSA Collective primarily performed routine, non-exempt tasks including, but not limited to:

    (a)    cooking and preparing food;

    (b)    refilling food on the buffet line;

    (c)    serving customers;

    (d)    unpacking and stocking products and supplies;

    (e)    taking out trash;

    (f)    washing dishware and glassware; and

    (g)    cleaning the restaurant.

51. The primary duties of Plaintiff and the members of the FLSA Collective did not differ substantially from the duties of hourly, non-exempt employees.

52. Plaintiff's and the members of the FLSA Collective's primary job duties as AMs did not include:

    (a)    hiring;

    (b)    firing;

    (c)    making recommendations for hiring, firing, or other employment decisions;

(d) scheduling; or

(e) disciplining other employees.

53. The primary duties of Plaintiff and the members of the FLSA Collective were not directly related to Defendants' management or general business operations.

54. The primary duties of Plaintiff and the members of the FLSA Collective did not include the exercise of discretion or independent judgment regarding matters of significance.

55. Plaintiff and the members of the FLSA Collective were not involved in planning Defendants' long or short-term business objectives.

56. Plaintiff and the members of the FLSA Collective did not formulate, affect, implement or interpret Defendants' management policies or operating practices.

57. Plaintiff and the members of the FLSA Collective did not carry out major assignments that affected Defendants' business operations.

58. Plaintiff and the members of the FLSA Collective did not have authority to commit Defendants in matters that had significant financial impact.

59. Plaintiff and the members of the FLSA Collective could not waive or deviate from Defendants' established policies or procedures without prior approval.

**CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the members of the FLSA Collective)**

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

62. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63. At all relevant times, Defendants employed Plaintiff and the FLSA Collective.

64. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

65. At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

68. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of the unlawful acts of Defendants, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief provided by law as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all individuals who are presently, or have at any time during the applicable statute of limitations period, up through and including the date of this Court's issuance of court-supervised notice, worked as AMs and similarly situated employees at PCL restaurants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

D. Prejudgment and post-judgment interest;

E. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein;

F. A reasonable incentive award for the named Plaintiff to compensate him for the time he has spent and will spend attempting to recover wages for Collective Members and for the risks he took in doing so;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 9, 2017
      Cleveland, Ohio

Respectfully submitted,

By: s/ Drew Legando
Drew Legando (0084209)
**LANDSKRONER GRIECO MERRIMAN LLC**
1360 West Ninth Street, Suite 200
Cleveland, Ohio 44107
Telephone: (216) 522-9000

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Melissa L. Stewart*
Christopher M. McNerney*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888

Michael Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone: (800) 616-4000

*Attorneys for Plaintiff and the Putative Collective*

* *Pro hac vice* applications forthcoming